NOT RECOMMENDED FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 06, 2018
DEBORAH S. HUNT, Clerk

M.F., a minor, et al.                                      )
                                                          )
        Plaintiffs-Appellants,                            )
                                                          )
v.                                                        )     ON APPEAL FROM THE
                                                          )     UNITED STATES DISTRICT
PERRY COUNTY CHILDREN AND FAMILY                          )     COURT FOR THE
SERVICES, et al.                                          )     SOUTHERN DISTRICT OF
                                                          )     OHIO
        Defendants-Appellees.                             )
                                                          )

BEFORE:    KEITH, ROGERS, and BUSH, Circuit Judges

        ROGERS, Circuit Judge.  This case involves a tragic situation in which an overworked county Children's Services agency put two children in the small home of family friends, whose live-in grown grandson sexually abused the children.  The children and their mother sued the county Children's Services agency, its director Rick Glass, caseworker Wendi Wion, and caseworker supervisor Amy Frame, alleging substantive due process violations under 42 U.S.C. §1983.  Plaintiffs argue that the agency defendants did not find out about the specific threat of the abuse because of the understaffing and underfunding of the agency.  But the very assumption that the individual defendants did not know about the threat of sexual abuse precludes recovery under clear law regarding substantive due process failure-to-rescue claims.  The district court accordingly properly entered summary judgment for the county defendants on those claims.

The Perry County Children and Family Services (Children's Services) removed minors M.F. and H.F. from the care of their mother after she overdosed on methamphetamine. Following a brief stint in a foster home, Children's Services then transferred the children to the home of the Sniders, a married couple with whom the children had previously developed a family-like bond. Unfortunately, the Sniders had a grandson who also lived at this house who was, unknown to the defendants, a sexual predator. He molested M.F. and H.F. As the district court subsequently determined from the summary judgment record, however, "no evidence establishes that the [Children's Services] Defendants were aware of the risk to the [children]" while the abuse was ongoing, and the defendants immediately removed the children from the care of the Sniders when Children's Services discovered that fact. The district court accordingly granted summary judgment to the county defendants on the federal substantive due process claim, and declined supplemental jurisdiction over state law claims against the county defendants, as well as state law claims against the remaining defendants.

In this appeal, the plaintiffs repeat the arguments they made to the district court in opposing summary judgment. The district court thoroughly explained why none of these arguments sufficed to demonstrate a genuine issue of material fact in this case. *See M.F. v. Perry Cty. Children & Family Servs.*, No. 2:15-CV-2731, 2017 WL 6508573 (S.D. Ohio Sept. 13, 2017). After reviewing the district court's grant of summary judgment de novo, *see Williams v. Ford Motor Co.*, 187 F.3d 533, 537 (6th Cir. 1999), we agree that this conclusion was correct in all respects. No purpose would be served by our restating the reasoning of the district court. We therefore adopt the analysis and conclusions of the district court in granting summary judgment on the §1983 claim. *See M.F.*, 2017 WL 6508573, at *5–8.

Plaintiffs make no argument on appeal that the district court erred in declining supplemental jurisdiction with respect to the remaining state law claims.

The judgment of the district court is affirmed.